**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                  )
ARAYA HENOK,                                       )
                                                  )
        Plaintiff,                                 )
                                                  )
        v.                                         )    Civil Action No. 12-292 (RWR)
                                                  )
CHASE HOME FINANCE, LLC,                           )
et al.,                                            )
                                                  )
        Defendants.                                )
_____)

### MEMORANDUM OPINION AND ORDER

        Pro se plaintiff Araya Henok brings this action against

Chase Home Finance, LLC ("Chase"), Shapiro & Burson, LLP

("Shapiro"), and Fannie Mae, challenging the legality of the

foreclosure on a property he owned on C Street S.E. in

Washington, D.C. ("the property").  Henok moves for partial

summary judgment against Chase arguing that Chase was not the

note holder at the time of the foreclosure, and that Chase and

Shapiro failed to send to Henok valid notice of default and

notice of foreclosure.  Henok also moves to strike Shapiro's

opposition to his motion for partial summary judgment, and moves

for sanctions against Chase and Shapiro and their counsel.

Because Henok has failed to show that he is entitled to judgment

as a matter of law, his motions for partial summary judgment will

be denied and judgment as to the notice of default will be

entered for Chase since the undisputed material facts entitle it

to such a judgment as a matter of law.  Because Henok has also

-2-

failed to show that Shapiro's motion should be stricken under
Federal Rule of Civil Procedure 12(f), the motion to strike will
be denied.  Because Henok has not met the requirements of Rule 11
or shown that the defendants committed sanctionable conduct,
Henok's motions for sanctions will be denied.

<u>BACKGROUND</u>

Henok purchased the property in 2007 with financing from JP
Morgan Chase Bank ("JPMC").  Pl.'s Mot. for Partial Summ. J.
("Pl.'s First Summ. J. Mot.") ¶¶ 1-3, Ex. 1; Defs. Chase & FNMA's
Mem. of Law in Opp'n to Pl.'s Mot. for Partial Summ. J. ("Chase's
Opp'n to Pl.'s First Summ. J. Mot.") at 2.  In August of 2009,
Chase returned his monthly payment and "stated that [his]
property [was] going into foreclosure."  Am. Compl. ¶ 8; Mem. of
Law in Opp'n to Pl.'s Second Mot. for Partial Summ. J. ("Chase's
Opp'n to Pl.'s Second Summ. J. Mot.") ¶ 7.  Fannie Mae bought the
property in a foreclosure sale on November 18, 2009.  Pl.'s First
Summ. J. Mot. ¶ 6; Chase's Opp'n to Pl.'s First Summ. J. Mot. at
3.

Henok filed a complaint in D.C. Superior Court challenging
the foreclosure in February 2012 and the defendants removed the
case to federal court and answered the complaint.  <u>Henok v. Chase
Home Finance</u>, Civil Action No. 12-292 (RWR), 2013 WL 151173, at
*1 (D.D.C. Jan. 15, 2013).  Henok moved for partial summary
judgment arguing that JPMC never transferred the note to Chase

and that because Chase was not the noteholder at the time of the foreclosure sale, the foreclosure is void.  Pl.'s First Summ. J. Mot. at 2, 4.  After Chase and Shapiro opposed the first motion for partial summary judgment, Henok moved to strike Shapiro's opposition arguing that Shapiro was "responding to issues directly and exclusively dealing with [Chase]."  Pl.'s Mot. to Strike Def. Shapiro's Opp'n to Partial Summ. J. at 1.  Henok then moved again for partial summary judgment arguing that Chase and Shapiro breached the contract by failing to provide notice of default and failing to mail to the correct address the notice of foreclosure.  Pl.'s Mot. for Partial Summ. J. ("Pl.'s Second Summ. J. Mot.") at 6-9.  Further, Henok moved for sanctions against Chase's attorneys, Shapiro's attorneys, Chase employee Kevin Johnson and Shapiro employee Brett Callahan arguing that Chase and Shapiro made intentionally false representations with regard to their receipt of Henok's letters requesting cure amounts.  Mot. for Sanctions Against Chase at 1-3; Mot. for Sanctions Against Shapiro at 1-3.

<u>DISCUSSION</u>

I.   PARTIAL SUMMARY JUDGMENT

Summary judgment is warranted on an individual claim or part of a claim if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A party asserting that a fact cannot be

-4-

or is genuinely disputed must support the assertion by . . .
citing to particular parts of materials in the record, including
. . . documents, . . . declarations, . . . or other materials;
or . . . showing that the materials cited do not establish the
absence or presence of a genuine dispute[.]" Fed. R. Civ. P.
56(c)(1). A party may not rely merely upon denials in pleadings
to show a genuine dispute, but must come forward with specific
evidence that reveals a genuine factual dispute. Rogers v.
District of Columbia, 880 F. Supp. 2d 163, 165-66 (D.D.C. 2012);
Ali v. District of Columbia Gov't, 810 F. Supp. 2d 78, 82-83
(D.D.C. 2011). At the summary judgment stage, "'[t]he evidence
of the non-movant is to be believed, and all justifiable
inferences are to be drawn in his favor.'" Feirson v. District
of Columbia, 506 F.3d 1063, 1066 (D.C. Cir. 2007) (quoting
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Where
there are no disputed facts to resolve regarding a claim, and it
is the non-movant that is entitled to judgment as a matter of
law, judgment may be entered for the non-movant on that cause of
action. Henok v. Chase Home Finance, LLC, Civil Action No. 12-
335 (RWR), 2013 WL 525696, at *4 (D.D.C. Feb. 13, 2013).

    A. First motion

    Henok moves for partial summary judgment that Chase's
foreclosure was void arguing that Chase was not the note holder
when Henok's property was foreclosed because JPMC, the maker of
the note, never transferred the note to Chase or recorded such a

-5-

transfer.  Pl.'s First Summ. J. Mot. at 2, 4.  Henok relies on

D.C. Code § 47-1431 which requires that:

> [w]ithin 30 days after . . . an economic interest in real
> property is transferred, . . . all transferees of . . . and
> all holders of the security interest in real property shall
> record a fully acknowledged copy of the deed . . . with the
> Recorder of Deeds of the District of Columbia.

D.C. Code § 47-1431(a) (2001).  From this provision, Henok

concludes that Chase was obligated to record the transfer of the

mortgage from JPMC to Chase in order to legally foreclose Henok's

property.

Both Chase and Shapiro argue that no failure to record the

assignment from JPMC to Chase would undermine the validity of the

foreclosure sale or entitle Henok to judgment as a matter of law.

Chase's Opp'n to Pl.'s First Summ. J. Mot. at 5-7; Def. Shapiro's

Opp'n to Mot. for Partial Summ. J. ("Shapiro's Opp'n to Pl.'s

First Summ. J. Mot.") at 4-7.  Chase and Shapiro principally rely

on Leake v. Prensky, 798 F. Supp. 2d 254 (D.D.C. 2011).  In that

case, the plaintiff purchased property with financing from B.F.

Saul Mortgage Co., but, at the time of the foreclosure, Capital

One was the holder of the note.  Leake, 798 F. Supp. 2d at 256.

The plaintiff challenged the foreclosure arguing that the

defendants failed to record the assignment of the interest from

B.F. Saul Mortgage Co. to Capital One.  The court found that B.F.

Saul Mortgage Co. had properly negotiated the note to Chevy Chase

Bank, and Capital One had purchased Chevy Chase Bank and become

the holder of the note.  The court found the transfer of the note

-6-

valid because Capital One became the holder of the note when the
transfer of possession occurred.  Id. at 257.  Capital One could
enforce the note's foreclosure provision, despite not complying
with the recordation requirement, because "[t]he D.C. Code
provides that '[t]ransfer of an instrument, whether or not the
transfer is a negotiation, vests in the transferee any right of
the transferor to enforce the instrument,' D.C. Code
§ 28:3-203(b), and under D.C. law the Note's transfer carries
with it the security for its payment." Leake, 798 F. Supp. 2d at
257.  Because Capital One sufficiently complied with the
foreclosure sale requirements in D.C. Code § 42-815(b), the court
found that the foreclosure sale was valid.  Further, the court
cited the D.C. Attorney General's December 17, 2010 statement
which stated that "'a noteholder's right to foreclose does not
depend on compliance with the recordation obligations set forth
in D.C. Official Code § 47-1431(a).'" Leake, 798 F. Supp. 2d at
258 (quoting District of Columbia Office of the Attorney General,
Statement of Enforcement Intent Regarding Completed Foreclosure
Sales (Dec. 17, 2010), http://oag.dc.gov/DC/OAG/About+OAG/News+Ro
om/Press+Releases/Foreclosure+Statement+-+Completed+Sales).  The
Leake court concluded that "[a]lthough the transfer of
instruments may be governed by recordation requirements, failure
to meet those requirements will not in and of itself invalidate a
foreclosure proceeding." Id.; see also Grant II v. BAC Home
Loans Servicing, Civil Action No. 10-1543 (RLW), 2011 WL 4566135,

-7-

at *3 (D.D.C. Sept. 30, 2011) (stating that "D.C. law does not require that a transfer of a Deed of Trust be recorded in order to be effective").

Moreover, Henok has not shown the absence of genuinely disputed material facts.  Henok argues that the transfer to Chase never occurred.  However, Chase has provided an allonge which identifies Henok's mortgage by loan amount and loan number and states that the mortgage was transferred from JPMC to Chase on April 16, 2007.  Defs. Chase and FNMA's Supp. to Mem. of Law in Opp'n to Pl.'s Mot. for Partial Summ. J. ("Chase's Supp."), Ex. 1.  Henok in turn questions the validity of the allonge, thereby deepening the very factual dispute at the heart of his partial summary judgment motion.  Because Henok has not shown that there is no dispute as to a material fact or that he is entitled to judgment as a matter of law on this claim, Henok's first motion for partial summary judgment will be denied.

B.   Second motion

Henok's second motion for partial summary judgment argues in part that Chase never gave him the required advance notice of default, Pl.'s Second Summ. J. Mot. at 6-7, and that he never received such a notice, id. at 7-9.  The deed of trust securing Henok's mortgage required Chase before foreclosing to "give notice to Borrower . . . [that] shall specify (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by

-8-

which the default must be cured; and (d) that failure to cure the
default on or before the date specified in the notice may result
in acceleration of the sums secured by this Security Instrument
and sale of the Property." Id., Ex. 3 ¶ 22.  The deed also
provided that "[a]ll notices given by Borrower or Lender in
connection with this Security Instrument must be in writing.  Any
notice to Borrower in connection with this Security instrument
shall be deemed to have been given to Borrower when mailed by
first class mail or when actually delivered to Borrower's notice
address if sent by other means." Id., Ex. 3 ¶ 15.

These provisions impose a duty upon Chase to "give notice"
of default to Henok.  Here, Chase supplied with its opposition to
Henok's motion a declaration under the penalty of perjury from
its Assistant Secretary and Operations Unit Manager that Chase
indeed gave Henok advance notice of default that fully complied
with the requirements of the deed of trust.  The declaration
attaches a copy of a letter Chase sent Henok on August 4, 2009 to
his address at 1800 New Jersey Avenue, N.W., Washington, D.C.,
20001, advising Henok "[y]ou are in default because you have
failed to pay the required monthly installments [since]
6/1/2009"; "[y]ou must pay [$6,468.48] within thirty-two days
. . . in order to cure this default"; and "[i]f you fail to cure
the default . . ., Chase Home Finance LLC will accelerate the
maturity of the Loan, . . . and commence foreclosure
proceedings[.]"  Chase's Opp'n to Pl.'s Second Summ. J. Mot.,

-9-

Ex. 1 ¶ 3, Ex. B.  This notice of default was sent to Henok after
Henok informed Chase in a 2008 letter that his address was 1800
New Jersey Avenue, N.W., Washington, D.C., 20001, id., Ex. 1 ¶ 2,
Ex. A, and before Henok first allegedly informed Chase in an
August 13, 2009 letter of his new address on New Hampshire
Avenue, N.W., Pl.'s Second Summ. J. Mot. ¶ 12, Ex. 4.  Therefore,
the August 4, 2009 notice of default was addressed to Henok's
"last known address" before Henok allegedly sent Chase a notice
changing his address to the New Hampshire Avenue address.

     Henok has not rebutted this evidence that Chase gave the
notice of default required by the deed in the way the deed
allowed it to be given.  Henok may not simply rely upon denials
to raise a genuine dispute of fact about whether Chase complied
with its duty to provide notice of default.  Because there are no
disputed facts to resolve regarding that duty, and it is Chase
that is entitled to judgment as a matter of law, judgment will be
entered for Chase on that cause of action.  See Henok v. Chase
Home Finance, LLC, 2013 WL 525696, at *4.

     Henok's second motion for partial summary judgment further
argues that neither Chase nor Shapiro ever sent the required
advance notice of foreclosure to him at his correct address,
Pl.'s Second Summ. J. Mot. at 6-7, 9; Ex. 1, and that he never
received a copy of the notice of foreclosure recorded on
October 15, 2009, id. at 7-9.  The deed of trust securing Henok's
mortgage states that if Chase sought to conduct a foreclosure

-10-

sale, Chase was required to "send written notice as prescribed by Applicable Law to Borrower[.]" <u>Id.</u>, Ex. 3 ¶ 22.  Under D.C. law, the holder of a note must give written notice to the owner of the property at least 30 days in advance of any foreclosure sale at the borrower's "last known address[.]" D.C. Code § 42-815(b) (2001).  Further, the deed provides that when the lender sends a notice to the borrower, "[t]he notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender." Pl.'s Second Summ. J. Mot., Ex. 3 ¶ 15.

The dispute centers on whether Chase sent Henok the notice of foreclosure at his last known address.  Henok provides a copy of a letter that he says he sent to Chase by certified mail on August 13, 2009 notifying Chase that his new mailing address was "908 New Hampshire Ave, NW #400, Washington D.C. 20037." Pl.'s Second Summ. J. Mot. ¶ 12, Ex. 4.  He provides with it copies of the accompanying certified mail receipt and the signed return receipt acknowledging delivery on August 17, 2009.  Chase responds that Henok's 2008 letter informing Chase of his change of address to the one on New Jersey Avenue was the last notice of a change of address that Chase received from the plaintiff. Chase's Opp'n to Pl.'s Second Summ. J. Mot. at 8, Ex. 1 ¶ 2, Ex. A.  Shapiro also argues that the notice of foreclosure was proper claiming that it was sent to Henok at his last known address.  Shapiro Opp'n to Pl.'s Second Summ. J. Mot. at 5-6.

-11-

Chase and Shapiro have submitted declarations under penalty of
perjury which state that the business records of each company
reflect that they did not receive Henok's August 13, 2009 notice
that his address had changed to 908 New Hampshire Ave., N.W.
Chase's Opp'n to Pl.'s Second Summ. J. Mot., Ex. 1, ¶ 7;
Shapiro's Opp'n to Pl.'s Second Summ. J. Mot., Ex. A, ¶ 4(g),
(j).  Therefore, Chase and Shapiro argue that they sent proper
notice to Henok's last known address by sending it to the New
Jersey Avenue address.  Chase's Opp'n to Pl.'s Second Summ. J.
Mot. at 7-9; Shapiro's Opp'n to Pl.'s Second Summ. J. Mot. at 5-
7.

        The defendants' responses are curious.  Chase makes no
effort to explain why a New Hampshire Avenue address appears on
its notice of foreclosure if Chase did not receive the change of
address notice reflecting a New Hampshire Avenue address.[1]
Shapiro asserts in a one-sentence footnote without any further
elaboration that the New Hampshire Avenue address on the
foreclosure notice was the mailing address for the property
listed on the D.C. Office of Tax and Revenue website.  Whatever
the answer may be to these mysteries, Henok has not shown that
summary judgment is appropriate because there is a genuine issue
of material fact: whether Chase received the change of address
notice which would have required Chase to send the notice of

---

[1] Just as curiously, the address on the foreclosure notice
is "918" New Hampshire Avenue, N.W., not the "908" New Hampshire
Avenue, N.W. address reflected in Henok's letter.

-12-

foreclosure to the 908 New Hampshire Avenue address.  Because the
evidence of the defendants is to be believed at this stage, and
all justifiable inferences are to be drawn in their favor,
summary judgment on this issue is not appropriate.  Therefore,
Henok's second motion for partial summary judgment will be denied
as to this claim.

II.  MOTION TO STRIKE

Henok moves to strike Shapiro's opposition to Henok's first
motion for partial summary judgment.  Henok's motion simply
states "[Shapiro] is responding to issues directly and
exclusively dealing with [Chase]."  Pl.'s Mot. to Strike Def.
Shapiro's Opp'n to Partial Summ. J. at 1.

A motion to strike is governed by Federal Rule of Civil
Procedure 12(f), which permits a court to "strike from a pleading
an insufficient defense or any redundant, immaterial,
impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).
"'The decision to grant or deny a motion to strike is committed
to the trial judge's sound discretion.'"  NCB Mgmt Servs., Inc.,
v. FDIC, 843 F. Supp. 2d 62, 72 (D.D.C. 2012) (quoting Fed. Trade
Comm'n v. Cantkier, 767 F. Supp. 2d 147, 159-60 (D.D.C. 2011)).
"A court has broad discretion in ruling on a motion to strike;
however, striking portions of a pleading is a drastic remedy, and
motions to strike are disfavored."  Uzlyan v. Solis, 706 F. Supp.
2d 44, 51 (D.D.C. 2010).

-13-

Rule 7(a) lists the filings that constitute pleadings, but "motions, affidavits, briefs and other documents [are] outside of the pleadings" and are not subject to being stricken.[2]  5C Charles Alan Wright et al., Federal Practice & Procedure § 1380 (3d ed. Supp. 2012).  Here, Henok moves to strike Shapiro's opposition to his motion for partial summary judgment.  However, an opposition is not a pleading under Rule 7(a) and is not subject to being stricken under Rule 12(f).  Further, Henok's motion does not provide sufficient grounds to justify this "disfavored" and "drastic remedy[.]"  Therefore, the motion to strike Shapiro's opposition will be denied.

III. SANCTIONS

Henok moves under Rule 11(b) for sanctions against Chase's attorneys, Shapiro's attorneys, Chase employee Kevin Johnson and Shapiro employee Brett Callahan arguing that Chase and Shapiro made intentionally false representations to the court.  Rule 11 sanctions may be imposed where a party files a pleading, motion or other paper with the court for an improper purpose, that is unwarranted by existing law, or that is lacking in evidentiary support.  Fed. R. Civ. P. 11(b)(1)-(3).  "'[T]he district court is accorded wide discretion' in determining whether sanctions are appropriate."  Gomez v. Aragon, 705 F. Supp. 2d 21, 23 n.2

---

[2] In this district, "affidavits and declarations filed in support of technical pleadings" may also be struck under Rule 12(f).  Cobell v. Norton, 224 F.R.D. 1, 2 (D.D.C. 2004); Judicial Watch, Inc. v. U.S. Dep't of Commerce, 224 F.R.D. 261, 263 n.1 (D.D.C. 2004).

-14-

(D.D.C. 2010) (quoting <u>Westmoreland v. CBS, Inc.</u>, 770 F.2d 1168, 1174 (D.C. Cir. 1985)).  "'Rule 11 sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings.'"  <u>Brown v. FBI</u>, 873 F. Supp. 2d 388, 408 (D.D.C. 2012) (quoting <u>Wasserman v. Rodacker</u>, Civil Action No. 06-1005 (RWR), 2007 WL 2071649, at *7 (D.D.C. July 18, 2007)).  "'The test [for sanctions] under Rule 11 is an objective one: that is, whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim.'"  <u>Sharp v. Rosa Mexicano, D.C., LLC</u>, 496 F. Supp. 2d 93, 100 (D.D.C. 2007) (quoting <u>Reynolds v. U.S. Capitol Police Bd.</u>, 357 F. Supp. 2d 19, 23 (D.D.C. 2004)).  Further, Rule 11 includes a "safe harbor provision" which requires that the motion must be first served on the non-movant to allow an opportunity to withdraw the challenged assertion.  Fed. R. Civ. P. 11(c)(2).  "This procedural rule must be satisfied before the Court considers the substantive aspects of plaintiff's motion."  <u>Brown</u>, 873 F. Supp. 2d at 408.

The essence of Henok's argument is that Chase and Shapiro falsely represented that they never received Henok's letters[3] regarding the property, that these defendants' attorneys "failed to do any reasonable inquiry" as to whether Henok's letters were delivered, Mot. for Sanctions Against Chase at 1-2; Mot. for

---

[3] Henok specifies that he is referring to correspondence to Chase from August 2009 to December 2009 and correspondence to Shapiro from August 2009 to May 2010.  Mot. for Sanctions against Chase at 1; Mot. for Sanctions against Shapiro at 1.

-15-

Sanctions Against Shapiro at 1-2, and that Chase and Shapiro falsely represented that Henok received notices, Mot. for Sanctions Against Chase at 3; Mot. for Sanctions Against Shapiro at 3.

First, Henok has not complied with the safe harbor provision of Rule 11.  Henok's motions include a certificate of service which states that the motions were served by first class mail on August 2, 2012, which was the same day that the motions were filed on the public docket.

Even if Henok had complied with the procedural rule, sanctions are not appropriate in this case.  With regard to both defendants, Henok seems to be referring to his letters requesting cure amounts attached to the second partial summary judgment motion.  <u>See</u> Pl.'s Second Summ. J. Mot., Exs. 4-7.  In particular, Henok alleges that Chase and Shapiro stated in filings that they did not receive Henok's letters.  Mot. for Sanctions Against Chase at 3; Mot. for Sanctions Against Shapiro at 3.  As to Chase, Johnson signed a declaration that states that his review of Chase's records revealed a December 1, 2008 change of address notification from Henok, but "no record in its file for this Loan of receiving a letter from Plaintiff dated August 13, 2009" and "Chase did not receive any cure payments from Plaintiff at any time between August 13, 2009 and November 18, 2009, or at any time thereafter."  Chase's Opp'n to Pl.'s Second Summ. J. Mot., Ex. A, ¶¶ 2, 5, 7.  Similarly, for

-16-

Shapiro, Callahan signed a declaration that states that his review of Shapiro's business records revealed that Shapiro received a November 4, 2009 phone message requesting a return call and that Shapiro "did not receive a change of address from the borrower in connection with the Property" and that "no other communications, such as requests for loan payoffs or reinstatement figures, were received by [Shapiro] from [Henok] in connection with the Property prior to the Sale." Shapiro's Opp'n to Pl.'s Second Summ. J. Mot., Ex. A ¶ 4(c), (g), (j). Henok's certified mail receipts for his letters reflect that the first letter was signed for on August 17, 2009[9], and the third and fourth letters were signed for on November 6, 2009 and December 28, 2009. See Pl.'s Second Summ. J. Mot. Exs. 4, 6, 7. However, Henok has not alleged or shown that Johnson's and Callahan's declarations falsely state the substance of Chase's and Shapiro's business records as to Henok's letters. Further, "[t]he Court must also take into consideration that Rule 11 sanctions are a harsh punishment, and what effect, if any, the alleged violations may have had on judicial proceedings." Sharp, 496 F. Supp. 2d at 100 (internal quotation marks omitted). The discrepancy between Chase and Shapiro's business records and Henok's certified mail receipts do not justify the "harsh punishment" of Rule 11 sanctions.

_____

[9] The second letter was not sent by certified mail and the receipt does not reflect any signature. See Pl.'s Second Summ. J. Mot., Ex. 5.

-17-

Henok also alleges that Chase and Shapiro provided two notes
and falsely stated that the notes were true and correct copies.
Mot. for Sanctions Against Chase at 3; Mot. for Sanctions Against
Shapiro at 3.  Henok seems to be referring to Chase's filing of a
copy of the note appended to the opposition to Henok's first
summary judgment motion on April 2, 2012, Def. Chase's Opp'n to
Pl.'s First Summ. J. Mot., Ex. 1, and later filing of a copy of
the note with the attached allonge on April 4, 2012, Chase's
Supp., Ex. 1.  Here, Henok has not provided any factual support
for his claim that Chase falsely represented that the first note
was a true and correct copy.  Henok's unsupported allegation is
insufficient to justify the imposition of Rule 11 sanctions.
Because Henok has not met the requirements of Rule 11 and has not
shown that the defendants engaged in sanctionable conduct, his
motion for sanctions will be denied.

<u>CONCLUSION AND ORDER</u>

Henok has not shown that he is entitled to judgment as a
matter of law on his claim that Chase was not the noteholder and
could not validly foreclose on the property.  A genuine dispute
exists about whether Henok was given the notice of foreclosure to
which he was contractually entitled, but it is undisputed that
Henok was given the required notice of default.  Thus Henok's
motions for partial summary judgment will be denied, and judgment
will be entered for Chase on Henok's contract claim regarding the
notice of default.  Since striking Shapiro's opposition is

-18-

neither warranted nor contemplated as a sanction under Rule
12(f), the motion to strike will be denied.  Because Henok has
not met the procedural requirements of Rule 11 or shown that the
defendants have committed sanctionable conduct, the plaintiff's
motions for sanctions will be denied.  Accordingly, it is hereby

ORDERED that plaintiff's motions [11, 26] for partial
summary judgment be, and hereby are, DENIED, and that judgment
be, and hereby is, ENTERED for Chase concerning the notice of
default claim.  It is further

ORDERED that plaintiff's motion [17] to strike Shapiro's
opposition to the first motion for partial summary judgment be,
and hereby is, DENIED.  It is further

ORDERED that plaintiff's motions [32, 33] for sanctions
against Chase and Shapiro and their counsel be, and hereby are,
DENIED.

SIGNED this 25th day of February, 2013.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge